UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY LININGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RONALD PFLEGER, et al.,<br><br>　　　　Defendants. | Case No.17-cv-03385-SVK<br><br>**ORDER GRANTING DEFENDANT FLIPPO'S MOTION TO DISMISS WITH LEAVE TO AMEND IN PART**<br><br>Re: Dkt. No. 11 |

In this 42 U.S.C. § 1983 case, Plaintiff Stacy Lininger ("Plaintiff") alleges in relevant part that Defendant Dean Flippo, the District Attorney for Monterey County, California, initiated a malicious prosecution against her in violation of the Fourth and Fourteenth Amendments. ECF 1 ("Compl."). In the motion before the Court, Defendant Flippo moves to dismiss Plaintiff's cause of action against him on the grounds that Plaintiff lacks standing to seek injunctive relief and that any claim against him is barred by prosecutorial immunity. ECF 11. The Court held a hearing on October 24, 2017. Having considered the submissions of the parties, the relevant law, and the arguments presented, the Court grants Flippo's motion with leave to amend in part for the reasons below.

**I.　FACTUAL BACKGROUND**

　　**a.　2014-2015 Events**

For purposes of this motion, the Court accepts the facts in the Complaint as true and also considers facts as submitted in Defendant's request for judicial notice.[1] In 2014, Plaintiff was

---

[1] With his motion to dismiss, Defendant Flippo also filed a request for judicial notice. ECF 11-1. Although a district court generally may not consider any material beyond the pleadings in deciding a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.,* 250 F.3d 668, 688–89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction

prosecuted for calling police repeatedly pursuant to California Penal Code 653m(a) (making annoying or harassing phone calls). Plaintiff pled nolo contendere. Plaintiff was placed on probation for two years and ordered to obey all laws, not commit a similar offense, and "not annoy, harass or dial 911 without a true, valid and legitimate emergency." She was also ordered to "not dial 911 repeatedly." ECF 11-1 at 5-6.

In January 2015, Plaintiff was working as a teacher in a program for juvenile offenders. Compl. at ¶ 2. One of her male students informed her that during a routine traffic stop, a Carmel Police officer had touched him inappropriately. *Id*. Plaintiff made a report of a child abuse incident to her employer/supervisor. Compl. at ¶ 3. She also called and made a report to the Carmel Police Department. *Id*. The officer who took Plaintiff's report was Defendant Ronald Pfleger. Plaintiff heard nothing more about the incident for several months. Compl. at ¶ 4. Beginning on Friday, June 26, 2015 through Sunday, June 28, 2015, Plaintiff placed approximately 18-20 phone calls to the Carmel Police Department to follow up on her earlier report. ECF 11-1 at 10.

### b. State Criminal Proceedings

The State filed two charges arising out of Plaintiff's June 2015 calls. The first case sought revocation of Plaintiff's 2014 probation for violation of conditions, including making harassing calls to 911, or alternatively, violating the law by violating California Penal Code 653m (making annoying phone calls as defined by the statute) (Case No. MS317393A). The second charged a violation of California Penal Code 653m(a) (Case No. MS333633A). ECF 11-1 at 9.

In January 2017, after a revocation hearing in Case No. MS317393A, the state court ruled that Plaintiff had not violated her conditions of probation. First, the court found that Plaintiff did not make calls to 911, but rather dialed the non-emergency 911 number. ECF 11-1 at 14. Second,

---

of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The documents submitted for judicial notice are documents filed in Plaintiff's state court criminal proceedings, which are suitable for judicial notice under Fed. R. Evid. 201(b). *See Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (allowing for judicial notice in federal court of state court orders and proceedings); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (records, including judgments and other court documents, are also proper subjects of judicial notice). Accordingly, Defendant's Request for Judicial Notice is GRANTED.

in analyzing whether Plaintiff violated section 653m(b), the court found that even though Plaintiff did make repeated calls, she did not do so with specific intent to annoy or harass as the statute requires. ECF 11-1 at 17-18. Finally, the court concluded that the calls were made in good faith, which is protected by the statute. ECF 11-1 at 18. In May 2017, the State dismissed the second case charging a violation of California Penal Code 653m(a). Compl. at ¶ 14.

### c. Plaintiff's Complaint and Defendant's Motion to Dismiss

Plaintiff now brings a complaint against a Carmel Police Department officer Roger Pfleger, the City of Carmel, and the Monterey County District Attorney, Dean Flippo. Plaintiff asserts three causes of action under 42 U.S.C. § 1983: 1) Against Defendant Pfleger for retaliation in violation of the First Amendment; 2) Against the City of Carmel for retaliation in violation of the First Amendment; and 3) Against Defendant Flippo for malicious prosecution in violation of the Fourth and Fourteenth Amendment. Plaintiff apparently seeks damages only for the first two causes of action for retaliation.[2] Compl. at ¶¶ 37, 38, 44. Plaintiff requests injunctive relief for her malicious prosecution claim.

Plaintiff's complaint alleges that Defendant Flippo "willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights" instituted a criminal proceeding for "making harassing telephone calls against Plaintiff without probable cause." Compl. at ¶¶ 49-50, 58. More specifically, Plaintiff alleges that Flippo brought the case for the purpose of "punishing Plaintiff for the exercise of her First Amendment rights when she took Carmel police department officers to task for their misdeeds and malfeasance." Compl. at ¶ 56. Plaintiff further alleges that Defendant Flippo acted pursuant to office policy or practice to "steadfastly defend[] the interests of law enforcement against challenges by private citizens." Compl. at ¶52. Plaintiff alleges that the "criminal proceedings terminated in Plaintiff's favor." Compl. at ¶ 51. Plaintiff alleges that she "suffered" from the alleged malicious prosecution and that the harm did not end until Case No. MS333633A against her was dismissed. Compl. at ¶¶ 14, 62. She goes on to alleged that she "suffered and others suffer wrongful prosecution for the

---

[2] In section V of this Order, Plaintiff is directed to more clearly align her claims for relief in the body of the Complaint with those in the Demand for Relief.

exercise of First Amendment rights in Monterey County" and that a permanent injunction is necessary to "prevent the chilling effect these policies and practices have upon the rights of Monterey County citizens to police their police." Compl. at ¶¶ 62, 64.

Defendant Flippo filed his motion to dismiss on August 11, 2017.[3] ECF 11. Defendant Flippo argues that Plaintiff does not have standing to seek injunctive relief for her malicious prosecution claim because she has failed to plead facts that demonstrate a real and immediate threat of injury. ECF 11 at 9-10. Defendant also argues that the suit should be barred by prosecutorial immunity (ECF 11 at 10) and that the injunctive relief that Plaintiff seeks would violate the principles of comity and federalism (ECF 28 at 8). The Court agrees that Plaintiff does not have standing to obtain injunctive relief for malicious prosecution under § 1983. The Court also finds that Defendant Flippo is immune from suit in his official capacity and in so finding does not reach Defendant's argument of comity.

## II. RULE 12(B)(6) STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995).

---

[3] The other defendants, Pfleger and the City of Carmel, answered on August 9, 2017. ECF 9.

4

### III. MALICIOUS PROSECUTION UNDER § 1983

#### a. Legal Standard: Pleading a 1983 claim arising out of malicious prosecution

Malicious prosecution requires "the institution of criminal proceedings against another who is not guilty of the offense charged" and that "the proceedings have terminated in favor of the accused." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (internal citation omitted). As numerous state and federal cases discuss, the tort of malicious prosecution recognizes the right of an individual to be free from unjustifiable criminal prosecution. *See Blaxland v. Commonwealth Dir. of Pub. Prosecutions,* 323 F.3d 1198, 1204 (9th Cir. 2003) (stating that malicious prosecution "concern[s] the wrongful use of legal process"). In general, a claim of malicious prosecution is not cognizable under § 1983 "if process is available within the state judicial systems" to provide a remedy. *Bretz v. Kelman,* 773 F.2d 1026, 1031 (9th Cir.1985) (en banc). To sustain a § 1983 violation arising out of malicious prosecution, a claimant must allege "that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Id.*; *see also Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995). Notably, no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause. *Albright v. Oliver*, 510 U.S. 266, 268 (1994). However, a plaintiff may set forth a proper § 1983 claim by alleging a violation of the Fourth Amendment. *Id.* at 271, 274-75; *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069–70 (9th Cir. 2004).

#### b. Legal Standard: Pleading injunctive relief under § 1983

Plaintiff, the party invoking federal jurisdiction, bears the burden of alleging specific facts sufficient to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Furthermore, she "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000). To have standing for injunctive relief under § 1983, a plaintiff must allege that she is likely to suffer future injury from the alleged misconduct by the defendants. *See City of L.A. v. Lyons*, 461 U.S. 95, 105, 110 (1983). The reasonableness of a plaintiff's apprehension is dependent upon the likelihood of a recurrence

of the allegedly unlawful conduct. It is the *reality* of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions. *Id*. at 107 n. 8. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–496 (1974).

In *Lyons*, plaintiff alleged that he was stopped for a traffic violation and put into a choke hold in violation of the First, Fourth, and Eighth Amendments. *Id*. at 98. The plaintiff brought suit under § 1983 and sought injunctive relief to bar the City of Los Angeles from using "control holds." *Id*. at 98. The Court measured the likelihood of future injury by assessing whether the plaintiff was realistically threatened by repetition of his interaction with the police. The Court was loath to assume that plaintiff would again violate the law and thereby find himself likely to be subject to the chokehold in the future. *See id.* at 107 n. 8. Further, the Court found that an additional allegation that the police routinely apply chokeholds "falls far short of the allegations that would be necessary to establish a case or controversy between these parties." *Id*. at 105. The Court also noted that five months passed between the date of the alleged incident and the filing of plaintiff's complaint, but there were no allegations of other encounters with the police. *Id*. at 108.

Importantly, in addition to the foregoing specific facts, the Court recognized "the need for a proper balance between state and federal authority [which] counsels restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate." *Id*. at 112. In balancing these concerns, the Court concluded that plaintiff failed to demonstrate that he would be subjected to the alleged illegality again and thus did not have standing to seek injunctive relief. *Id.* at 112-13.

Distinguishing *Lyons*, some courts have found a realistic likelihood of future harm in cases where the plaintiffs have been subjected to police action for engaging in legal activity. *See, e.g.*, *Thomas v. Cty. of Los Angeles*, 978 F.2d 504, 507–08 (9th Cir. 1992) (standing to enjoin police brutality directed at innocent minority citizens); *Hernandez v. Cremer*, 913 F.2d 230, 234–35 (5th Cir. 1990) (courts should not be reluctant to find that plaintiff will be subject to future police conduct placing him at risk of injury where "the injury alleged to have been inflicted did not result

6

from an individual's disobedience of official instructions [or any other] form of misconduct"); *LaDuke v. Nelson*, 762 F.2d 1318, 1321 (9th Cir.1985) (standing to enjoin unlawful INS searches directed at innocent migrant farm workers); *Nat'l Congress for Puerto Rican Rights v. City of N.Y.*, 75 F.Supp.2d 154, 161 (S.D.N.Y. 1999) (standing exists for innocent plaintiffs who were victims of unconstitutional stop and frisks).

Even where a plaintiff engages in legal behavior, however, injunctive relief is unavailable absent a showing of a likelihood of substantial and immediate irreparable injury. *Hodgers–Durgin v. De La Vina*, 199 F.3d 1037, 1042 (9th Cir.1999). In *Hodgers-Durgin*, plaintiffs sought an injunction to prevent Border Patrol agents from stopping motorists driving near the border because the driver looked Mexican or Hispanic. *Id*. at 1039-40. Plaintiffs regularly engaged in the legal behavior (i.e. driving near the border) that they alleged resulted in illegal conduct by Defendants. However, despite the regularity of their legal conduct, plaintiffs alleged they had only been illegally stopped once in the past ten years. In significant part, the court noted that:

> The Supreme Court has repeatedly cautioned that, absent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way.

*Id*. at 1042 (citations omitted). Accordingly, the court concluded that plaintiffs failed to show a likelihood of substantial and immediate irreparable injury sufficient to warrant ongoing judicial supervision of an agency ordinarily overseen by the executive branch. *Id*. at 1044.

### c. Analysis

As a preliminary matter, Plaintiff's Complaint states that her third claim for relief is brought pursuant to § 1983 as a "violation of the Fourth and Fourteenth Amendments" for malicious prosecution. Malicious prosecution is actionable under the Fourth Amendment but is not actionable as a deprivation of substantive due process under the Fourteenth Amendment. *Albright*, 510 U.S. at 275; *Dinius v. Perdock*, No. C 10-3498 MEJ, 2012 WL 1925666, at *12 (N.D. Cal. May 24, 2012). As such, Plaintiff is directed to correct this error on amendment.

Turning to Defendant Flippo's motion, Defendant argues that Plaintiff fails to allege facts to establish standing for injunctive relief. Plaintiff's claim for injunctive relief turns on whether her alleged harm is likely to occur again. Under the guidance of *Lyons* and its progeny, Plaintiff

fails to allege a realistic likelihood of substantial and immediate irreparable injury.

First, although Plaintiff's interaction with Defendant Flippo did not occur because of Plaintiff's illegal behavior,[4] it did arise out of Plaintiff's perception of bad behavior by Carmel Police Officers in how they handled Plaintiff's report of January 2015. As a result, the injunction Plaintiff seeks is to be free from prosecution for policing the police. Specifically Plaintiff alleges that she should be able to call to "police the[] police: criticize them, hold them accountable, [and] report misfeasance by law enforcement." Compl. at ¶ 64. Assessing the realistic likelihood of a future occurrence of such a call requires the assumption that police need policing. The Court cannot assume, based upon the Complaint before it, the police will behave in a way that needs policing. This is not to suggest that these claims should not be taken seriously by authorities. Indeed, the interest of an alert and interested citizen is an essential element of an effective and fair police force. *See Lyons*, 461 U.S. at 111. But as in *Lyons* where the Court assumed plaintiffs would act lawfully, it is to be assumed that "[police] will conduct their activities within the law." *Id*. at 103 (quoting *O'Shea*, 414 U.S. at 497).

Second, even considering Plaintiff's behavior as simply calling the non-emergency 911 number, a legal behavior, Plaintiff still does not allege facts sufficient to establish standing because she has not established a likelihood to engage in that legal conduct in the future. Plaintiff only alleges one occasion in which she called the non-emergency 911 number to report police misconduct. Granted, she called 18-20 times over a three day period, however these calls together formed the basis for the charges the District Attorney brought against her. Plaintiff made her calls in 2015. The state court judge considering her probation violation made her finding in January 2017. Plaintiff filed her complaint in June 2017, without further allegations that she has ever called the non-emergency 911 number since 2015. *See Lyons*, 461 U.S. at 108 (noting that plaintiff did not allege further encounters within five month time frame, making odds of future occurrence less likely). Furthermore, Plaintiff does not allege that she will likely call the non-emergency 911 number in the future, nor does she allege that she would have called but did not for

---

[4] Plaintiff made calls to the non-emergency 911 number, and that act, by itself, is not illegal behavior.

8

fear of prosecution. Without more, the Court cannot assume that Plaintiff is likely to call the non-emergency 911 number in the future, much less that Defendant will respond by instituting a malicious prosecution that impinges on Plaintiff's constitutional rights. *See Hodgers-Durin*, 199 F.3d at 1044 (plaintiffs alleged likelihood to engage in future legal conduct, but did not establish likelihood that defendants would respond in illegal way). Given that Plaintiff seeks an injunction that would require a federal court to monitor state officers engaged in the administration of the state's criminal laws, Plaintiff has failed to meet her burden to show a great and immediate irreparable injury. *See Lyons*, 461 U.S. at 112.

Finally, Plaintiff's allegation that "others suffer wrongful prosecution for the exercise of First Amendment rights in Monterey County" does not compel a different result. Such a conclusory allegation "falls far short of the allegations that would be necessary to establish a case or controversy between these parties." *Lyons*, 461 U.S. at 105. Given the need for a proper balance between state and federal authority that requires irreparable injury be "both great and immediate," and the dearth of facts to suggest that such an instance is likely to occur again, Plaintiff has failed to establish standing for injunctive relief for her malicious prosecution claim.

The Court grants Defendant Flippo's motion to dismiss Plaintiff's third cause of action against him. Plaintiff will be granted leave to amend to allege facts that establish standing to seek an injunction.

**IV.      THE DISTRICT ATTORNEY'S IMMUNITY FROM SUIT**

Defendant argues that Plaintiff's claims are barred by absolute prosecutorial immunity. ECF 11 at 10. Plaintiff counters that Defendant is urging an extension of absolute prosecutorial immunity from claims for damages to claims for injunctive relief. Defendant's extension has been rejected by the U.S. Supreme Court and therefore is rejected here as well. *See Sup. Ct. of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 736–37 (1980). However, the Court does find that because Plaintiff sues Defendant Flippo in his official capacity, Plaintiff's claims are barred because the district attorney is an agent of the state and the state is not subject to suit under § 1983.

### a. Legal Standard

"[T]he State and arms of the State ... are not subject to suit under § 1983 in either federal court or state court." *Howlett v. Rose,* 496 U.S. 356, 365 (1990). This jurisdiction bar applies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted). Although individual local government officers can be named as defendants either in their personal or official capacities, a suit against an individual officer in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent." *Wolfe v. Strankman,* 392 F.3d 358, 365 (9th Cir. 2004) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)).

In California, when a prosecutor is deciding whether to prosecute an individual, the district attorney is an agent of the state, not the county. *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1031 (9th Cir. 2000). Thus, a suit against a California district attorney in his or her official capacity is an action against the state. *See Sonnier v. Los Angeles Cty. Dist. Attorney's Office,* 33 Fed.Appx. 252, 253 (9th Cir. 2002) (unpub.); *see also Weiner,* 210 F.3d at 1031 (holding that district attorneys act as "state officer[s] when deciding to prosecute an individual."); *Pitts v. Cty. of Kern,* 17 Cal.4th 340, 366 (1998) ( "[A] district attorney acts on behalf of the state when training personnel for and when developing policy regarding the preparation for prosecution and prosecution of criminal violations of state law."); *Boyd v. City of Oceanside Police Dep't*, No. 11CV3039 LAB WMC, 2012 WL 993402, at *4 (S.D. Cal. Mar. 23, 2012).

### b. Analysis

Plaintiff expressly brings suit against Defendant Flippo in his official capacity and as such brings suit against the state. Compl. at ¶ 20 ("Defendant Dean Flippo . . . is sued in his official capacity."). Moreover, the allegations against Flippo carry the hallmarks of a claim against Defendant in his official capacity. For example, Plaintiff alleges that Flippo acted pursuant to "office policy or practice." Compl. at ¶ 52. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690 (1978); *Pitts,* 17 Cal.4th at 366. Plaintiff also alleges that Defendant Flippo "failed to implement adequate training of the staff at the district attorney's office with respect to the constitutional right of persons to report crimes, criticize police officers or the police generally or to be rude or insist

upon action from the police," which also comports with an official capacity suit. Compl. at ¶ 53. *See Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 769 (9th Cir. 1989). As a result, Plaintiff's claim against Flippo in his official capacity is barred because it is a suit against the state, and the state is not subject to suit under § 1983. Therefore, the Court dismisses Plaintiff's claim against Flippo in his official capacity without leave to amend.

The Court notes that Plaintiff's complaint also sets forth a general allegation, not specific to Defendant Flippo, that, "[a]ll of the foregoing Defendants are sued in their individual capacities. . ." Compl. at ¶ 21. However, as noted above, the charging allegations directed against Defendant Flippo all sound in his official capacity. If Plaintiff can state a claim for injunctive relief against a district attorney in his or her individual capacity, leave to state such a claim is granted.

## V. OTHER RULE 8 DEFICIENCIES IN THE COMPLAINT

The Court finds additional deficiencies, examined more fully below, that the Plaintiff must cure on amendment: 1) clarifying which allegations are against which defendants; and 2) clarifying which remedy she seeks from which defendants. *See* Fed. R. Civ. P. 8(a); *McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

First, in paragraphs 8, 9, 11, 12, 13, and 14, Plaintiff refers to "defendant" singularly in her allegations without specifying to which defendant she is referring. For example, in paragraph 12, Plaintiff alleges that "Defendant sought to enlist the participation as a victim of plaintiff's employer/supervisor, Victoria Wayner, who Ms. Lininger had called to update concerning her interactions with the Carmel Police Department and to obtain her assistance in dealing with the stonewalling she was encountering from them." Compl. at ¶ 12. It is not clear from this allegation which defendant sought to enlist the participation of Plaintiff's employer/supervisor and therefore fails to meet the requirements of Rule 8. Fed. R. Civ. P. 8(a).

Second, under Plaintiff's demand for relief, she generally states the types of reliefs she demands, e.g. compensatory and punitive damages, injunctive relief, costs and fees, but does not state which relief she seeks from which defendant. ECF at 14. Again, pursuant to Rule 8(a),

Plaintiff is directed to specify which relief she seeks from which defendants.

## CONCLUSION

Defendant Flippo's motion to dismiss is granted with leave to amend in part. Specifically:

- Plaintiff is granted leave to cure her deficiencies in pleading injunctive relief;
- Plaintiff may not amend to state a claim against Flippo in his official capacity, but may state a claim against a district attorney in his or her individual capacity;
- Plaintiff must correct the general Rule 8 deficiencies outlined above.

Plaintiff is ordered to amend her complaint by November 28, 2017. Pursuant to Rule 15(a)(3), Defendants must respond within 14 days after service of the amended complaint.

**SO ORDERED.**

Dated: 11/6/2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge